UNITED S TATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRISTOPHER JAMES LAMBERT          **JURY TRIAL**

    Plaintiff,

V                                CIVIL ACTION NO.

NATIONAL MOTORS, INC.

    Defendant.                  DECEMBER 14, 2010

## COMPLAINT

### INTRODUCTION

1. This is an action for damages for violation of the Truth In Lending Act, 15t U.S.C. § 1601 *et seq.,* and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105 *et seq*., and deceit by non-disclosure or concealment and negligent misrepresentation.

2. Jurisdiction is conferred on this Court b y 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of Owings Mills, Baltimore County and State of Maryland.

4. Defendant National Motors, Inc. hereinafter referred to as ("National") is a

domestic corporation doing business with a place of business at 4129 East Joppa Rd., Baltimore, MD 21236.

## COUNT I – VIOLATION OF THE
## TRUTH IN LENDING ACT

5.  At all time herein National in the ordinary course of business regularly extended consumer credit that was payable in more than four installments.

6. National is a creditor within the meaning of 15 U.S.C. § 1601, et seq., and the regulations promulgated there-under.

7. On or about October 22, 2010, Plaintiff entered into a consumer credit transaction with National to purchase a 2009 Chevrolet HHR motor vehicle ("The Vehicle or Vehicle") for personal, family or household use.

8.  National failed to provide accurate closed-end disclosures as required by 15 U.S.C. § and the regulations there-under at or after consummation of the transaction.

9. National failed to disclose in the Retail Installment Sale Contract ("RISC") the lien fee.

10. National failed to disclose the correct down payment.

11. National failed to disclose the trade-in.

12. Based on information and belief, National has failed to disclose the correct amount financed and/or the correct Annual Percentage Rate.

13.  Plaintiff has suffered an undetermined amount of monetary damages.

## COUNT II – VIOLATION OF THE MARYLAND
## CONSUMER PROTECTION ACT

14. The allegations of paragraph 1 though paragraph 13 are repeated as if fully set forth herein.

15. On or about October 22, 2010 Plaintiff entered into a consumer transaction with Defendant National to buy a 2009 Chevrolet, VIN – L516110883440, ("Vehicle") for personal, family or household use.

16. At the time of purchase of the Vehicle, the Chevrolet had been previously titled in the name of Hertz Vehicles LLC and had been used in a rental car fleet under a short-term lease since the acquisition of the Vehicle by Hertz Vehicles LLC.

17. Contrary to the requirement of ll.12.01.14, Code of Maryland Regulations, National knowingly and intentionally failed to disclose the prior use of the Chevrolet as a short-term rental vehicle at any time prior to its sale to Mr. Lambert.

18. Pursuant to 11.12.01.14M, Code of Maryland Regulations, vehicles formerly used for a purpose other than a consumer good shall be clearly and conspicuously identified as to their former use and was required to disclose the former use of the Vehicle as a short-term rental vehicle when selling used vehicles.

19. On or about October 22, 2010, Plaintiff entered into an agreement with National to purchase the Vehicle described above and National failed to disclose that the Vehicle was a daily rental in violation of Maryland State Statutes, Regulation, and § 11.12.01.14 Department of Transportation, in fact, National failed to provide Plaintiff with a document entitled "Prior Use Acknowledgement" and obtain Plaintiff's signature disclosing it was "used as a rental vehicle".

20. Based on information and belief Plaintiff was not provided a Copy of Instrument by National evidencing the Contract of Sale prior to delivering the Vehicle to Plaintiff. in violation of [COMAR] §11.12.01.15 B.

21. National is a "merchant" within the meaning of the Maryland Consumer Protection Act ("CPA") Comm. Law, § 13-101(g), and is subject to all of the CPA's Provisions prohibiting unfair or deceptive trade practices including those in Md. Code Ann., Comm. Law §§ 13-303 and 13-301.

22. National failed to disclose the lien fee on the security agreement, failed to disclose the correct down payment, failed to disclose the trade in and based on information and belief failed to disclose the correct APR and/or the correct amount financed.

23. Plaintiff as been damaged and demands overpayment on the Vehicle as determined by the court, costs and reasonable attorney fees.

**COUNT III-ACTION FOR DECEIT BY
NON-DISCLOSURE OR CONCEALMENT**

24. Mr. Lambert and reaffirms the allegations contained in ¶ 1 through ¶ 23 above.

.   25. On or about October 22, 2010, Plaintiff entered into an agreement with National to purchase the Vehicle above and National failed to disclose that the Vehicle was a daily rental, not withstanding it purchased the Vehicle from Hertz Vehicles LLC , in violation of Maryland State Statutes, Regulation, and § 11.12.01.14 Department of Transportation, in fact, National failed to provide Plaintiff with a document entitled

"Prior Use Acknowledgement" and obtained Plaintiff's signature disclosing it was " used as a rental vehicle" with intend to defraud him.

26. Based on information and belief Plaintiff was not provided a Copy of Instrument by National evidencing the Contract of Sale prior to delivering the Vehicle to Plaintiff, in violation of [COMAR] §11.12.01.15 B.

27. National's representation that the Vehicle was not a prior daily rental was a false representation.

28 . National's false representation to plaintiff that the Vehicle was not a prior daily rental was known to National at the time of sale.

29. National intentionally failed to disclose the prior use of the Vehicle in order to increase its profits.

30. Plaintiff relied on National's representation that the Vehicle was not a prior daily rental and had a right to rely on the documents prepared and received from National.

31. Plaintiff has suffered economic damages resulting from National's misrepresentation.

32. National had a duty to inform Mr. Lambert of the prior use of the Vehicle as a short- term rental.

33. Mr. Lambert would not have purchased the Vehicle or in the alternative would have acted differently had he been informed of its prior use as a short-term rental.

34. Mr. Lambert seeks Five Thousand ($5,000.00) Dollars punitive damages for National's misrepresentations, costs and reasonable attorney fees.

## COUNT IV- NEGLIGENT MISREPRESENTATION

35.  Mr. Lambert realleges and reaffirms the allegations contained in ¶ 1 through ¶ 34, above.

36. Plaintiff states that National had a duty to disclose the prior use of the Vehicle that it was used as a short-term rental and that they negligently failed to disclose a material fact that the price charge to Plaintiff did not accurately represent the true value of the Vehicle knowing that Plaintiff would rely on the misrepresentation.

37. Plaintiff having relied National's representations purchased the Vehicle for a price greater than its worth.

38. National was aware that Plaintiff would rely on its representation and caused an economic loss to Plaintiff.

39.  Plaintiff has been damaged and demands damages, costs and reasonable attorney fees.

WHEREFORE, Plaintiff seeks the following;

1. Award Plaintiff statutory damages, costs and attorney fees as set forth in Court I.

2. Award Plaintiff damages, costs and attorney fees as set forth in Count II.

3. Award Plaintiff actual damages, punitive damages, costs and attorney fees as set forth in Count III.

4. Award Plaintiff damages, costs and attorney fees as set forth in Count IV.

5. Award Plaintiff such other or further relief as the Court deems just.

.

                                        THE PLAINTIFF

                                        BY/S/Bernard T. Kennedy
                                        Bernard T. Kennedy, Esquire
                                        The Kennedy Law Firm
                                        P.O. Box 657
                                        Edgewater, MD 21037
                                        Ph   (443) 607-8901
                                        Fax (443) 607-8903
                                        Fed. Bar # Md26843
                                        bernardtkennedy@yahoo.com