UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division


CHRISTOPHER JAMES LAMBERT        *
                                 *
v.                               *     Civil Action WMN-10-3522
                                 *
NATIONAL MOTORS, INC.            *
                                 *
     * * * * * * * * * * * * * * * * * * * * * * * * * * * *


                         MEMORANDUM


     Before the Court is a motion to dismiss filed by Defendant,

National Motors, Inc. (National).  ECF No. 7.  The motion is

ripe for review.  Upon review of the pleadings and the

applicable case law, the Court determines that no hearing is

necessary, Local Rule 105.6, and that the motion will be denied.

I. FACTUAL AND PROCEDURAL BACKGROUND

     This action arises from the purchase of a motor vehicle by

Plaintiff Christopher Lambert.  As set forth in Plaintiff's

response, on October 22, 2010, Lambert entered into a retail

purchase agreement with National for a 2009 Chevrolet HHR for

$13,091.94.  Shortly thereafter, Lambert and National entered

into a Retail Installment Sales Contract (installment contract)

as a final agreement to purchase the vehicle and finance the

sale.  After the purchase, Lambert experienced some problems

with the vehicle and obtained a Carfax vehicle history report.

In that report, Lambert discovered that the vehicle was a former

rental vehicle.  That fact was not disclosed in the installment contract.

After discovering the undisclosed prior use, Lambert filed a complaint in this Court on December 16, 2010, asserting violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq, and the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 et seq, and two counts of fraud. Specifically, Lambert argued that National failed to disclose required information in the installment contract and misrepresented the value of the vehicle.  On January 11, 2011, the owner of National, Gabriela Doroudian, communicated to Lambert's attorney that Lambert had entered into an arbitration agreement with National at the time of the purchase.  Doroudian faxed to Lambert a copy of the agreement.  Subsequently, Lambert amended his complaint to include a fifth count for forgery. That count alleges that Lambert never saw or signed the stand-alone arbitration agreement.  Lambert supported this allegation with a sworn affidavit.  Pl.'s Ex. 2.

On January 30, 2011, National filed a motion to dismiss, arguing that Lambert is bound by the arbitration agreement.  In support of its motion, National included a sworn affidavit from Doroudian stating that he provided the arbitration agreement to Lambert and witnessed him signing it.  Def.'s Ex. 3.  National did not, however, submit a brief with its motion.  On February

16, 2011, Lambert filed a response to National's motion to
dismiss, arguing that the arbitration agreement is void for
forgery, and even if it were validly signed, it was not binding
under the requirements for vehicle sales contracts in the Code
of Maryland Regulations.  Md. Code Regs. 11.12.01.15 (2010).
National has not submitted a reply.

## II. DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, "a complaint
must contain sufficient factual matter . . . to 'state a claim
to relief that is plausible on its face.'" Ashcroft v. Iqbal,
---- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell
Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "[O]nce a
claim has been stated adequately," however, "it may be supported
by showing any set of facts consistent with the allegations in
the complaint." Twombly, 550 U.S. at 563. In considering such
a motion, the court is required to accept as true all well-pled
allegations in the Complaint, and to construe the facts and
reasonable inferences from those facts in the light most
favorable to the plaintiff.  Ibarra v. United States, 120 F.3d
472, 474 (4th Cir. 1997).

The Code of Maryland Regulations provides that "every
vehicle sales contract or agreement shall be evidenced by an
instrument in writing containing all of the agreements of the

parties."[1]  Md. Code Regs. 11.12.01.15 (2010).  This provision

requires a single instrument containing every agreement

applicable to the sale of the motor vehicle.  See Smith v.

Rosenthal Toyota, Inc., 573 A.2d 418, 422 n.3 (Md. 1990)

(finding an integration clause contained in a separate

contemporaneously signed agreement invalid).  This requirement

is reflected in the motor vehicle and retail installment

contract laws of numerous states.  See, e.g., Wash. Rev. Code

Ann. § 63.14.020 (West 2011); Mich. Comp. Laws § 566.302 (West

2011)(requiring "an instrument" containing "all of the

agreements of the parties"); Cal. Civ. Code § 2985.8 (West

2011).  These statutes proliferated as legislatures attempted

"to protect ignorant and unwary buyers from oppressive business

practices that were becoming more apparent with the rising

quantity of consumer credit." Associated Acceptance Corp. v.

Bailey, 174 A.2d 440, 443 (Md. 1961) (finding certain

requirements of the Retail Installment Sales Act, Md. Code.

---

[1] Section 12-604 of the Retail Installment Sales Act of Maryland
contains similar language.  Md. Code. Ann., Com. Law § 12-604
("An installment sale agreement shall be evidenced by an
instrument in writing which contains all of the agreements of the
parties.").  The legislature enacted this statute in order
to protect Maryland consumers from the abuses of sellers.  Brown
v. Doug Griffith Dodge City, Inc., 452 A.2d 984, 989 (Md. Ct.
Spec. App. 1982).  This Act does not apply to the instant matter
due to language in the contract electing to apply the Creditor
Grantor Closed End Credit Provision, Md. Code Ann., Com. Law §
12-1001 et seq., Pl.'s Ex. 3 at 4, but its language and the
legislative intent are instructive.

Ann., Com. Law § 12-604 to be "explicit and mandatory").[2]

Clearly, the requirement of a single instrument is intended "to protect buyers from the deception and ambiguities which arise when more than one document is utilized to express the contract." Kenworthy v. Bolin, 564 P.2d 835, 838 (Wash. Ct. App. 1977).

National did not include the arbitration clause within the installment contract. The installment contract superseded all other agreements. Tokarski v. Castle Auto Outlet, LLC, No. 09-509, slip op. at 2 (D. Md. Sep. 24, 2009) (finding plaintiff not bound by arbitration clause in earlier buyer's agreement). Moreover, National has failed to file any briefing or assert any arguments to the contrary. The agreements within the four corners of the installment contract are the only agreements that apply to the transaction, and the arbitration clause is not one

---

[2] In addition to a single instrument, the vehicle sales contract regulations also require the seller to provide the buyer with his own "exact copy" of the contract. Md. Code Regs. 11.12.01.15 (2010). Lambert argues that he was not provided a copy of the arbitration agreement along with the copy of the installment contract given to him. Pl.'s Resp. at 3. This failure alone would give Lambert the right to cancel the sale. Md. Code Regs. 11.12.01.15 (2010). Moreover, if the arbitration agreement were part of the single instrument containing the entire agreement between the parties, it would have been provided to Lambert along with the rest of the contract.

of them.   Therefore, National's motion to dismiss will be

denied.[3]


_____/s/_____
William M. Nickerson
Senior United States District Judge

DATED: May 4, 2011

_____

[3] As the Court will deny National's motion to dismiss because
National failed to comply with the Code of Maryland Regulations,
the Court need not consider the alleged forgery of the
arbitration agreement at this time.